## REGULATION OF SPEED OF RAILWAY TRAINS WITHIN MUNICIPAL LIMITS.

Common Pleas Court of Logan County.

WILLIAM CASKEY v. THE VILLAGE OF BELLE CENTER, OHIO;

AND GEORGE ·COMBS v. THE VILLAGE OF BELLE CENTER, OHIO.

Decided, 1908.

*Speed Ordinance—Application of, to Steam Railways—Rendered Invalid by Enlarging Statutory Provisions—Providing a Different Penalty—Enforcement of, by Criminal Proceedings—More than One Subject in Title—Municipal Corporations—Sections 1536-100, 1536-182, 1536-620 and 3336.*

1. An ordinance which attempts to regulate the maximum speed at which railway trains may be. run through the corporate limits is rendered invalid by a provision that its requirements shall be enforced by criminal proceedings.

2. Moreover, an ordinance "to regulate the speed of railway locomotives and cars within the corporate limits," is in violation of the statutory provision that no ordinance shall contain more than one subject unless it is clearly expressed in the title, where to the requirement as to maximum speed there is added the further requirement that the bell·on the locomotive shall be rung continuously while the train "may be running through said corporate limits."

3. And further, such a provision renders the ordinance invalid for the additional reason that it enlarges upon the provisions of the statute requiring that the bell shall be rung continuously while the train is passing through the corporate limits, regardless of the fact that it may not be "approaching a turnpike, highway,. town road or crossing."

BRODRICK, J.

These are..proceedings in error, and being of the same nature and identity, I will only refer to case No. 10440 in rendering my opinion, as a matter of convenience, but all that is said in that case applies with equal force and effect to case No. 10441.

On March 5, 1907, the council of the village of Belle Center passed an ordinance, No. 102, entitled ''Railway speed ordinance; an ordinance to regulate the speed of railway locomotives

and cars within the corporate limits of the incorporated village of Belle Center, Ohio, and providing as follows:

"Section 1. Be it ordained by the council of the incorporated village.————, Logan county, Ohio, that it shall be unlawful for any person or persons, engineer or conductor or railroad company to run or propel any locomotive or railroad car on any railroad track within the corporate limits of the village of Belle Center, Ohio, at a greater rate of speed or velocity than the rate of ten (10) miles per hour, and every person or persons, engineer or conductor or railroad company running a locomotive or cars on any railroad track within the limits of said village is hereby required to ring the bell continuously upon such locomotive, as he may be running through said corporate limits. If any person or persons, engineer, conductor or railroad company shall violate any of the provisions of this section, he or they shall forfeit and pay for each and every such offense a fine of not less than five dollars ($5) nor more than fifty dollars ($50) with costs.

"Section 2. It shall be the duty of the marshal and he is hereby invested with full power to arrest, upon view or information and without process, any person or persons violating Section 1 and bring him or them before the mayor.

"Section 3. This ordinance shall take effect and be in force from and after its passage and legal publication."

The ordinance was duly published March 8, 1907, as appears from the certificate of the clerk of said village.        ?

On the 22d day of April, 1908, W. G. Oliphant filed his affidavit with the mayor of said village charging the said William Caskey with violating the provisions of said ordinance in the following particulars:

"That on or about the 18th day of April, 1908, at the municipal corporation and county aforesaid, one William Caskey, then and there being, and then and there being in charge of two steam engines and train of cars as conductor, which was then and there run and propelled by steam over the railway track of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, which extends through the limits of said corporation, and the said William Caskey as aforesaid being then and there conductor and in charge of said train as aforesaid, did then and there run said train through said corporation at a speed greater than ten miles an hour, contrary to an ordinance of said village in such cases made and provided."

Thereupon a warrant was issued to W. G. Oliphant, marshal of said village, who by virtue thereof arrested the said William Caskey and brought him before the mayor of said village, whereupon a trial was had, and the mayor finding said William Caskey guilty, assessed a fine of fifty dollars against him, and adjudged the costs of prosecution against him.

A bill of exceptions was duly taken and signed by the mayor, together with a transcript of the docket entries, and a petition in error is filed to reverse the findings and judgments of said mayor, upon the following grounds as stated in said petition:

"1. The said mayor of the said village of Belle Center, Ohio, did not have jurisdiction of the subject-matter of said proceedings, nor of the person of said plaintiff in error, nor jurisdiction to impose a fine upon the said plaintiff in error for the violation of said ordinance.

"2. The said mayor erred in assuming jurisdiction of the subject-matter of said proceeding.

"3. The said mayor erred in overruling the motion filed before him to set aside his said finding, sentence and judgment, and for a new trial.

"4. The mayor erred in imposing the sentence in said proceeding against the plaintiff in error.

"There are other errors manifest upon the face of said proceedings prejudicial to the plaintiff in error."

The statute, Section 1536-182 of the Revised Statutes of Ohio, conferring the power upon municipal corporations to regulate the rate of speed of steam railroads, provides as follows:

"When a railroad track is laid in a municipal corporation, the council may by ordinance regulate the speed of all locomotives and railroad cars within the corporate limits; provided, such ordinance shall not require a less rate of speed than four miles an hour, and in villages having a population of two thousand or less it shall not be fixed at a less rate than eight miles an hour; and the corporate authorities may by civil action, recover against any engineer, conductor or company violating such ordinance a sum not less than five dollars nor more than fifty dollars for each offense."

It will thus be seen that the same grant of power by the Legislature to municipal authorities to provide for the regulation of the speed of locomotives and railroad cars provides the penalty

for the violation of the ordinance, and the manner in which said penalty may be enforced, viz., by a civil action.

The penalty provided by the ordinance under consideration is the same as that provided by statute, but the remedy for its enforcement is by criminal prosecution.

The first question, therefore, to be determined is as to the jurisdiction of the mayor to proceed under the provisions of the ordinance by criminal proceedings. Legislative grants to municipal corporations are always strictly construed, and such corporations may not exceed the authority so granted.

In the case of *City of Canton* v. *Nisl*, 9 O. S., 439, it was held by the Supreme Court, that:

"An ordinance of a municipal corporation, prohibiting under a penalty, the opening of shops, etc., for the purpose of business, on Sunday, without excepting cases of necessity and charity, and without exempting from its operation persons who conscientiously observe the seventh day of the week as the Sabbath, is inconsistent with the laws of the state, and therefore void."

On page 440 the court say:

"But the powers here conferred are expressly limited, in the preceding part of the same section, to such ordinances as are 'not inconsistent with the laws of this state.' And this limitation, even if not expressed, must doubtless be regarded as implied in all such general grants of power; for it must be presumed that the Legislature would not intend to give to a corporation the power of contravening and defeating state policy by ordinances inconsistent with the laws of the state. Is, then, the section of this ordinance consistent with the policy of the state as indicated by her Legislature?"

After quoting the statute law, the court continues:

"The penalty imposed by this section clearly indicates the general policy of discriminating between secular days and Sundays, and of regarding the latter as a day of rest, upon which common labor, sports, and the employments therein named, are prohibited.

"But the *exceptions* which it contains are equally expressive of state policy. The statute proceeds on the principle that works of *necessily* may be performed on any day; that 'it is lawful to do good, even on the Sabbath days'; and upon the further principle that persons who conscientiously observe another day of the

week as the Sabbath, shall not be required to abstain from employments, otherwise lawful, on Sunday."

Adopting the same method of reasoning used by the court in the case of *Canton* v. *Nist* as applicable to the case at bar, it will be readily seen that the enlargement of the remedy for a violation of the ordinance in question is just as inconsistent with the state law granting the right to the municipality as would be the enlarging of the scope of the authority so granted.

Neither would paragraph 29 of Section 1536-100 apply. Said paragraph reads as follows:

"[*Penalty for violation of ordinance.*] To make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by fine or imprisonment, or both; provided, that such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months."

This paragraph is contained in the general enumeration of powers granted to municipal corporations, and can not control specific powers granted to such municipal corporations.

In the case of *Ravenna* v. *Pennsylvania Company*, 45 O. S., 118, the first point of the syllabus reads as follows:

"1. Municipal corporations, in their public capacity, possess such powers and such only, as are expressly granted by statute, and such as may be implied as essential to carry into effect those which are expressly granted."

On page 121 the court say:

"Such corporations, being created for convenience and economy in government, and to aid the state in legislation and administration of local affairs, are always subject, in their public capacity, to the control of the state. As a result of this limitation, this corporation can not possess the power referred to unless the same has been conferred by statute. Indeed, it is conceded by the learned counsel for plaintiff, that the power to pass the ordinance does not exist unless it has been expressly granted by the Legislature, or is clearly implied, and there is no doubt that this is the law. Power to enact such an ordinance would not be inherent in the council. Except as to incidental powers, such as are essential to the very life of the corporation, the presumption is that the state has granted in clear and unmistakable terms all it has designed to grant at all. Doubtful claims to power are resolved against the corporation." Citing *Cooley on Constitutional Limi-*

*tations,* 233, 234; *Minturn* v. *Larue,* 23 Howard (U. S.), 435, and *Bloom* v. *Xenia,* 32 Ohio St., 465. See, also, *Townsend* v. *Circleville,* 78 O. S., 122.

When the Legislature grants the power to a municipal corporation to enact certain legislation, and provides in the same act the penalty for its violation, this excludes all other remedies under the well known maxim: *"Expressio unius est exclusio alterius."*

I am therefore of the opinion that the ordinance in question is void, in that it attempts to provide a different penalty, and a greater method of enforcing the same, than is granted by statute, and the mayor was wholly without jurisdiction in attempting to enforce the ordinance in any other manner than that pointed out by statute.

It is not necessary that the ordinance contain any mention of the penalty for its violation. If the ordinance provides for the regulation of the speed of locomotives and cars, then the statute itself provides the penalty and the remedy for its violation, and that is by a civil action against either the conductor, engineer or company.

There are two other reasons why the ordinance in question is void.

Section 1536-620 provides that, "No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title." The ordinance in question is entitled "Railway speed ordinance; an ordinance to regulate the speed of railway locomotives and cars with the corporate limits of the incorporated village of Belle Center, Ohio." The ordinance then fixes the rate of speed, and also contains the further provision "and every person or persons, engineer or conductor or railroad company running a locomotive or cars on any railroad track within the limits of said village is hereby required to ring the bell continuously upon such locomotive, as he may be running through said corporate limits." And the remedy provides that, "If any person or persons, engineer, conductor or railroad company shall violate any of the provisions of this section, he or they shall forfeit and pay for each and every such offense a fine of not less than five dollars nor more than fifty dollars, with costs."

There are two separate and distinct subjects contained in this ordinance, while only one of them is clearly expressed in its title.

Again, the second subject is provided for in Section 3336, Revised Statutes, which reads as follows: .

"Every company shall have attached to each locomotive engine passing upon its road, a bell of the ordinary size in use on such engine, and a steam whistle; and the engineer or person in charge of an engine in motion and approaching a turnpike, highway, town road, crossing or private crossing where the view of said private crossing is obstructed by embankment, trees, curve or any other obstruction to view, upon the same line therewith, and in like manner where the road crosses any other traveled place, by bridge or otherwise, shall sound such whistle at a distance of at least eighty and not further than one hundred rods from the place of such crossing, and ring the bell continuously until the engine passes such crossing; but the provisions of this section shall not interfere with the proper observance of any ordinance passed by any city or village council regulating the management of railroads, locomotives and steam whistles thereon, within the limits of such city or village."

It will be observed upon a careful reading of this section of the statute that the sole object of the signals is for the protection of persons who may be traveling upon highways crossing the railroad, and the engineer or person in charge of the locomotive is only required to ring the bell upon such locomotive until the engine has passed such highway, while under the provisions of the ordinance, the engineer or person in charge of the locomotive is required to ring the bell continuously through the entire corporate limits, regardless of any highway crossings, which is attempting to enlarge upon the provisions of the statute, is clearly inconsistent therewith, and falls directly under the decision of *Canton* v. *Nist, supra*.  See also opinion of court in the case of *Ravenna* v. *Pennsylvania Company, supra,* on page 125.

The findings and judgments of the mayor will, therefore, be reversed and the plaintiff in error in each case discharged.  Judgment against defendant in error in each case for costs.  Exceptions noted on behalf of defendant in error.